# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-CR-529 |
| | § | |
| SALIH ALI MOHAMMED ALHEMOUD | § | |

## UNITED STATES' OPPOSED MOTION TO RETURN DEFENDANT TO STATE CUSTODY

The United States of America, through Nicholas J. Ganjei, United States Attorney, and Sharad S. Khandelwal and Christine J. Lu, Assistant United States Attorneys, respectfully files this Motion to Return Defendant to State Custody.

## BACKGROUND

The Honorable Yvonne Y. Ho authorized an arrest warrant based on a criminal complaint for Defendant Salih Ali Mohammed Alhemoud on October 4, 2022. Defendant, who had been in state custody at the Harris County Jail, was brought into federal custody through a writ of habeas corpus ad prosequendum signed on October 7, 2022. Defendant has five pending state cases arising from indicted crimes during the summer of 2022: two Aggravated Robberies, two Aggravated Assaults, and an Evading in a Motor Vehicle.

On October 26, 2022, a federal grand jury returned a three-count indictment charging Defendant with crimes related to his bias-motivated assault, kidnapping, and robbery of a victim on August 29, 2022.  Count One charges the Defendant with violating 18 U.S.C. § 249 for willfully causing bodily injury to Victim #1, while armed with a firearm

and during an act that included kidnapping. Count Two charges the Defendant with violating 18 U.S.C. § 1201(a)(1) with Kidnapping for this same act and Count Three charges the Defendant with violating 18 U.S.C. § 924(c) for brandishing a firearm during and in relation to these crimes of violence.

On October 23, 2024, a federal grand jury returned a superseding indictment that added three additional counts (mirroring the counts for Victim #1) for a Victim #2, for activity that occurred on September 1, 2022.

There have been attempts at plea negotiations between representatives of the United States, the State of Texas, and Defendant from 2022 until as recently as a few weeks ago. It appears unlikely, based on the last conversation, that a global resolution of the cases can be negotiated.

The state court has set Defendant's five pending cases for trial on May 19, 2025. The state's two aggravated robbery cases include the same two victims that are named in the superseding indictment of Defendant here. These aggravated robbery cases carry a potential sentence of 5 years to life imprisonment. Additionally, the state court prosecutors have indicated they plan to re-indict Defendant to add hate crime enhancements to some of their charges. This Court has set Defendant for a hearing on his motion to suppress evidence on May 21, 2025, with a future scheduling order to be set after the suppression hearing.

## **ARGUMENT**

The United States requests that the Court order Defendant be returned to the Harris County Jail to stand trial for his charged crimes in state court.

The state trial date is earlier than the federal hearing that is set for Defendant's motion to suppress. The state trial will also finally resolve the charged crimes, while the federal suppression hearing is not dispositive. That is, even if the Court grants suppression of evidence gathered from the search warrants, the United States has ample evidence to present at trial to prove Defendant's guilt beyond a reasonable doubt. Finally, if a state jury convicts Defendant of the crimes charged there, that could have an effect on the manner in which the United States handles the cases pending before this Court.

## **CONCLUSION**

To promote efficient resolution of multiple pending cases and judicial economy, the United States asks this Court to order the return of this Defendant to the Sheriff of the Harris County Jail to stand trial for his pending cases in state court.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

By:  */s/ Christine J. Lu*
CHRISTINE J. LU
SHARAD S. KHANDELWAL
Assistant United States Attorneys
U.S. Attorney's Office, S.D. Texas
Tel: (713) 567-9000

**Certificate of Conference**

I certify that on April 23, 2025, I conferred with counsel for Defendant. They have indicated they are opposed to the motion.

>  */s/ Christine J. Lu*
> CHRISTINE J. LU
> Assistant U.S. Attorney

**Certificate of Service**

I certify that, on the date this was filed with the Court, a copy of the foregoing was provided to counsel for Defendant via ECF and/or e-mail.

> */s/ Christine J. Lu*
> CHRISTINE J. LU
> Assistant U.S. Attorney