**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**


**UNITED STATES OF AMERICA**

**v.**                                                          **Cr. No.:  H-22-529**

**SALIH ALI MOHAMMED ALHEMOUD**

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO
RETURN CASE TO STATE CUSTODY**


The defendant, Salih Ali Mohammed Alhemoud, through his attorney, respectfully files his opposition to the Government's request and asks this Court to deny the Government's latest motions (Dkt. 55 and 56) to return the case to state custody and provide grand jury transcripts as it violates Mr. Alhemoud's Sixth Amendment right to a speedy trial. U.S. Const. Amend VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]").

The Government is colluding with the State prosecutor's office (Harris County District Attorney's Office "State or State prosecutors") in an effort to gain a tactical advantage over the Defendant, which has caused him an oppressive pre-trial incarceration.  The Defendant requests that the Court deny the Government's request or in the alternative set a status conference before May 21, 2025 and further shows as follows:

**I.      FACTS AND BACKGROUND**

Mr. Alhemoud has been in custody on this matter since his arrest on October 7, 2022 via a writ of habeas corpus ad prosequendum. Prior to said writ, a warrant for his arrest was signed by Magistrate Judge Yvonne Y. Ho on or about October 4, 2022. Mr. Alhemoud was initially charged in Harris County District Court with the same and/or similar charges as the Federal indictment. He was held on the Federal complaint and not given a bond.

Mr. Alhemoud was ultimately indicted on or about October 26, 2022 via a three-count indictment. Approximately two years later, the Government superseded the indictment in preparation for trial which added three additional counts alleging a second victim.

Most recently, Mr. Alhemoud has identified issues of veracity by the officers investigating the case that are germane to this case via a *Frank's* Motion to Suppress (Dkt. #45). The Government after receiving notice of the motion contacted both the defense and the state prosecutors in an effort to try to globally resolve the matter, however those attempts were unsuccessful. Inexplicably, however, the State prosecutors and the Federal prosecutors continued to discuss the case and a potential resolution amongst themselves and unilaterally decided that the State would be the preferred prosecuting office. *See* Government's Motion Dkt. 55, pg. 2-3.

The State Court has recently set a trial date of July 8, 2025 – no longer May 19, 2025 as stated in the Government's Motion. Pending before this Court is Defendant's Motion to suppress on May 21, 2025.

## II.   ARGUMENT

*This Court should deny the government's motion to remand.*

The Government's request firstly, tramples on Defendant's constitutional rights to a Speedy Trial and Due Process. The Government's request to send the case back to be first disposed of in the State amounts to forum shopping and an unconstitutional tactical delay. Certainly, the Government's request also expects this Court to hold Mr. Alhemoud in custody despite his ability to receive a bond in the state case, further frustrating his rights to trial and creating an oppressive pre-trial incarceration.[1] The Federal Government is clearly uninterested in pursuing the case, any further incarceration is a violation of Mr. Alhemoud's constitutional rights.

Second, the Government's request has not shown Good Cause for the delay to Mr. Alhemoud's right to a speedy trial. The Government cannot state with any certainty that the anticipated State trial will proceed as now "re-scheduled" in July, even with the Court indulging the Government's request. The State case has been on hold waiting for the Federal Case to conclude as is almost always the case in

---

[1] The United States Marshal's Office via BOP would not be responsible for Mr. Alhemoud's appearance in State Court.

simultaneous prosecutions.  The Government sought a writ of habeas corpus and pre-trial custody, the State Court has no ability to have a trial unless forcing the State to abandon the case on said trial date, which realistically seems untenable.  It appears due to the Harris County District Attorney's Office's cooperation with the Government, they likewise will not dismiss the case and await instruction from the United States Attorney's Office.  Such orchestrated prosecution is a stark reminder that the State Court case is on hold pending Federal instruction rather than electing to dismiss the State will do what is best for the United States Attorney's Office.  At the time of the Government's motion, they anticipated a May trial date that is no longer contemplated, truly was not initially scheduled for trial due to the pending Federal case.  The Government's motion could only have been filed with the understanding that the State prosecutors would push for a trial.  A trial in the State without receipt of all discovery necessarily would require a continuance, such a continuance would be due to the Government's failure to provide discovery in their possession.  To date, there is still pending discovery that the parties anticipate receiving at some time prior to the May 21, 2025 hearing.  As a result, no good cause exists for any delays past the suppression hearing.

Third, the Government's stated reasons for the continuance necessarily will invoke a speedy trial delay should the Court grant their request.  The speedy trial clock has stopped, for now, due to the pending Motion to Suppress which is

scheduled for May 21, 2025. Assuming *arguendo*, the motion does not resolve the matter as stated in the Government's motion the Speedy trial clock must resume, unless for Good Cause. The Judicial economy that the Government seeks to promote would be best served by the dismissal of the Federal case, not asking this Court for the prosecuting offices to have two bites at the apple. The pending motion to essentially remand the case really seeks an indefinite extension of time to gather more intel to bolster their case, or in the alternative keep Mr. Alhemoud in custody with no end in sight of resolving this case.

### III. CONCLUSION

In conclusion Mr. Alhemoud respectfully requests this Court deny the government's motion recognizing his Speedy Trial and Due Process rights.

Respectfully submitted,

By /s/ Darryl E. Austin
DARRYL E. AUSTIN
New Jersey State Bar ID No. 023352008
Southern District of Texas No. 2659614

/s Chukwudi Egbuonu
LAW OFFICE OF CHUKWUDI
EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax: (832) 426-5792
chuck@celawoffice.com

Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to Assistant United States Attorneys Christine J. Lu and Sharad S. Khandelwal.

By /s/ Darryl Austin
DARRYL AUSTIN