UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:22-cr-529 |
| | § | |
| SALIH ALI MOHAMMED ALHEMOUD, | § | |
| Defendant | § | |

PLEA AGREEMENT

The United States of America, by and through Aaron F. Reitz, United States Attorney for the Southern District of Texas, and Sharad S. Khandelwal and Christine Lu, Assistant United States Attorneys, and the defendant Salih Ali Mohammed Alhemoud ("Defendant"), and Defendant's counsel, Darryl Austin and Chukwudi Egbuonu, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment. Count 1 charges Defendant with **Hate Crime (Sexual Orientation)**, in violation of Title 18, United States Code, Section 249(a)(2).  As explained in paragraph 14, the Defendant agrees that this act includes bodily injury but does not agree that it includes kidnapping.  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 249(a)(2), in which the act includes bodily injury, is imprisonment for not more than 10

years, and a fine of not more than $250,000.00. Additionally, under Count 1, the Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, sections Section 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

3

The Defendant contemplates that the applicable base offense level is 14, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2H1.1(a)(1) which instructs to apply the applicable guideline to any underlying offense – Aggravated Assault § 2A2.2.   There is a 4-level increase, pursuant to U.S.S.G. § 2A2.2(b)(2)(B) because a dangerous weapon was used.   There is a 3-level increase, pursuant to U.S.S.G. § 2A2.2(b)(3)(A) because the victim suffered bodily injury.   A Subtotal Offense Level of 21.

The United States contemplates the applicable base offense level will be calculated at 32, pursuant to U.S.S.G. § 2H1.1's cross reference to Kidnapping under § 2A4.1.   The United States further contemplates that there will be a two level enhancement for bodily injury under § 2A4.1(b)(2), a two level enhancement for the use of a dangerous weapon under § 2A4.1(b)(3), a three level enhancement for a hate crime under § 3A1.1, and a two level enhancement for grouping under §§ 3D1.1 – 3D1.4, resulting in a subtotal of 41 levels.   The parties agree that the United States is not bound by this estimate and is free to argue for none, some, or all of these enhancements, or for other enhancements not listed.

7.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

8.      The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 1 of the Second Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the information at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a)

4

is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

5

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but

6

would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

13.    Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the Second Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of a hate crime beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On or about August 29, 2022, within the Southern District of Texas, the Defendant willfully caused bodily injury to Victim #1 because of Victim #1's actual and perceived sexual orientation. Specifically, the Defendant made contact with Victim #1 using Grindr, a social networking application primarily used by persons who are gay, lesbian, bisexual, and transgender. Grindr is a channel, facility, and instrumentality of interstate commerce. The Defendant later that day arrived at Victim #1's apartment in Houston, Texas. Victim #1 allowed the Defendant to enter the apartment. After some conversation, the Defendant requested that they enter into Victim #1's apartment. After they entered the bedroom, the Defendant pulled out a firearm, and pointed it at Victim #1. During the next few minutes, the Defendant physically assaulted Victim #1, including using a firearm, which had traveled in interstate commerce, to strike Victim #1 in the head. Victim #1 suffered bodily injury as a result of this physical assault. During this physical assault, the Defendant made a number of threats and slurs towards Victim #1's sexual orientation.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

20.   Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

21.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

9

22.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

23.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

24.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

## Complete Agreement

25. This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his attorneys, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __July 20__, 2026.

_____
SALIH ALI MOHAMMED ALHEMOUD
Defendant

Subscribed and sworn to before me on __July 20__, 2026.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

AARON F. REITZ
United States Attorney

By: _____
SHARAD S. KHANDELWAL
CHRISTINE J. LU
Assistant United States Attorneys
Southern District of Texas

_____
DARRYL AUSTIN
CHUKWUDI EGBUONU
Attorneys for Defendant

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:22-cr-529 |
| SALIH ALI MOHAMMED ALHEMOUD, | § | |
| Defendant | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____

DARRYL AUSTIN
CHUKWUDI EGBUONU
Attorneys for Defendant

Date   7/20/26

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____

SALIH ALI MOHAMMED ALHEMOUD
Defendant

Date   7/20/26

12